## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**LOCATION BASED SERVICES, LLC**

Plaintiff,

v.

**GARMIN INTERNATIONAL, INC.,**

Defendant.

**Civil Action No. 2:17-cv-133**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") accuses Garmin International, Inc. ("Defendant"), of infringing U.S. Patent Nos. 9,214,033, 7,734,073, 8,768,610, 7,860,648, 7,522,996, 8,805,027, and 8,392,114 (collectively, the "Patents-in-Suit"), alleging as follows:

### PARTIES

1.      Plaintiff Location Based Services, LLC is a Texas limited liability company, having a principal place of business located at 1400 Preston Rd., Ste. 400, Plano, TX 75093.

2.      Upon information and belief, Defendant Garmin International, Inc., is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located at 1200 E. 151st St., Olathe, KS 66062. Defendant may be served via its registered agent for service of process: David Ayres at the address above.

### JURISDICTION AND VENUE

3.      This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5.     Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## U.S. PATENT NO. 9,214,033

6.     On Dec. 15, 2015, United States Patent No. 9,214,033 (the "'033 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '033 patent is attached hereto as Exhibit A.

7.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '033 patent.

8.     Plaintiff is the owner by assignment of the '033 Patent with all rights in and to that patent.

9.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## U.S. PATENT NO. 7,734,073

10.     On June 8, 2010, United States Patent No. 7,734,073 (the "'073 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled

"Image Mapping to Provide Visual Geographic Path." A true and correct copy of the '073 patent is attached hereto as Exhibit B.

11.    Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '073 patent.

12.    Plaintiff is the owner by assignment of the '073 Patent with all rights in and to that patent.

13.    Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 8,768,610

14.    On July 1, 2014, United States Patent No. 8,768,610 (the "'610 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '610 patent is attached hereto as Exhibit C.

15.    Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '610 patent.

16.    Plaintiff is the owner by assignment of the '610 Patent with all rights in and to that patent.

17.    Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 7,860,648

18.    On December 28, 2010, United States Patent No. 7,860,648 (the "'648 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled

"Map Display System and Method." A true and correct copy of the '648 patent is attached hereto as Exhibit D.

19.      Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '648 patent.

20.      Plaintiff is the owner by assignment of the '648 Patent with all rights in and to that patent.

21.      Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## U.S. PATENT NO. 7,522,996

22.      On April 21, 2009, United States Patent No. 7,522,996 (the "'996 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '996 patent is attached hereto as Exhibit E.

23.      Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '996 patent.

24.      Plaintiff is the owner by assignment of the '996 Patent with all rights in and to that patent.

25.      Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## U.S. PATENT NO. 8,805,027

26.      On August 12, 2014, United States Patent No. 8,805,027 (the "'027 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled

"Image Mapping to Provide Visual Geographic Path." A true and correct copy of the '027 patent is attached hereto as Exhibit F.

27.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '027 patent.

28.     Plaintiff is the owner by assignment of the '027 Patent with all rights in and to that patent.

29.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 8,392,114

30.     On March 5, 2013, United States Patent No. 8,392,114 (the "'114 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '114 patent is attached hereto as Exhibit G.

31.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '114 patent.

32.     Plaintiff is the owner by assignment of the '114 Patent with all rights in and to that patent.

33.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 9,214,033

34.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '033 Patent, shown in Exhibit A-1.

35.    Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, and 32 of the '033 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  devices, *i.e.*, nüvi® 2455LMT,  nüvi® 2457LMT,  nüvi® 2475LT, nüvi® 2495, nüvi® 2497LMT, nüvi® 2539LMT, nüvi® 2555LMT, nüvi® 2557LMT, nüvi® 2559LMT, nüvi® 2577LT, nüvi® 2589LMT, nüvi® 2595, nüvi® 2597LMT, nüvi® 2598LMTHD, nüvi® 2599LMTHD, nüvi® 2639LMT, nüvi® 2689LMT, nüvi® 2789LMT, nüvi® 2797LMT, nüvi® 2798LMT with Backup Camera, nüvi® 3450LM, nüvi® 3490, nüvi® 3550LM, nüvi® 3590, nüvi® 3597LMTHD, nüvi® 55LMT, nüvi® 56LMT, nüvi® 57LMT, nüvi® 58LMT, nüvi® 65LMT, nüvi® 66LMT, nüvi® 67LMT, nüvi® 68LMT, nüviCam™   MTHD, nüviCam™ LMTHD, Garmin DriveLuxe™ 50LMTHD, Garmin DriveAssist™ 50LMT, Garmin DriveSmart™ 70LMT, Garmin DriveSmart™ 60LMT, Garmin DriveSmart™ 50LMTHD, Garmin DriveSmart™ 50LMT, Garmin DriveLuxe™ 50LMTHD, Garmin DriveAssist™ 50LMT, Garmin DriveSmart™ 70LMT, Garmin DriveSmart™ 60LMT, Garmin DriveSmart™ 50LMTHD, Garmin DriveSmart™ 50LMT, Garmin Drive™ 60LMT, Garmin Drive™ 60LM, Garmin Drive™ 50LMT, Garmin Drive™ 50LM, and Garmin Drive™ 50 ("Garmin GPS Units"), and software, *i.e.*, Garmin U.S.A. for iOS and Android ("Garmin GPS Apps")  (collectively, the "Accused Instrumentalities"), covered by one or more claims of the '033 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '033 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '033 Patent pursuant to 35 U.S.C. § 271(a).

36.     The Accused Instrumentalities infringe claim 1 of the '033 Patent. They perform a method related to displaying a map, the method comprising: receiving a request for the map, the map illustrating one or more locations; determining a status associated with at least one of the one or more locations on the map (*i.e.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*i.e.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, traffic information from other Garmin devices); and generating a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*i.e.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, the traffic conditions are received from other Garmin devices). *See* Ex. A-1, Figs. 1-5.

37.     The Accused Instrumentalities infringe claim 2 of the '033 Patent.  They are a system comprising a computing device; and one or more instructions that, when executed on the computing device, cause the computing device to at least: receive a request for a map, the map illustrating one or more locations of interest (*i.e.*, gas stations or other points of interest); determine a status associated with at least one of the one or more locations on the map (*i.e.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*i.e.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, traffic information from other Garmin devices); and generate a signal related to indicating at least one route associated with the

at least one of the one or more locations on the map (*i.e.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, the traffic conditions are received from other Garmin devices). *See* Ex. A-1, Figs. 1-5.

38.    The Accused Instrumentalities infringe claim 3 of the '033 Patent.  They are a machine comprising: circuitry configured for receiving a request for a map (*e.g.*, a voice or touch screen interface), the map illustrating one or more locations; circuitry configured for determining a status associated with at least one of the one or more locations on the map (*i.e.*, it contains circuitry and software for determining traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*i.e.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, traffic information from other Garmin devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*i.e.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, the traffic conditions are received from other Garmin devices). *See* Ex. A-1, Figs. 1-5.

39.    The Accused Instrumentalities infringe claim 4 of the '033 Patent.  They include circuitry configured for updating (*i.e.*, a HD or RDS Radio receiver or Bluetooth network device), at one or more times (*i.e.*, it automatically updates traffic conditions as much as every 30 seconds), the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating (*i.e.*, current traffic conditions), of at least one traffic

condition verifiable via one or more monitoring devices (*i.e.*, traffic information is received from other Garmin devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations at least partially based on the status including at least the indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices (*i.e.*, it calculates a route based on the traffic conditions received from other Garmin devices and displays a colored line indicative of traffic conditions at the location). *See* Ex. A-1, Figs. 1-6.

40.    The Accused Instrumentalities infringe claim 5 of the '033 Patent.  They include circuitry configured for receiving data from one or more monitoring devices capable of determining a traffic condition associated with the at least one of the one or more locations on the map (*i.e.*, a HD or RDS Radio receiver or Bluetooth device is used to receive traffic information from other Garmin devices). *See* Ex. A-1, Figs. 1-5.

41.    The Accused Instrumentalities infringe claim 6 of the '033 Patent.  They include circuitry for updating, at one or more times, the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices comprises circuitry configured for periodically updating the status associated with the at least one of the one or more locations. (*i.e.*, it periodically updates traffic conditions associated with the location). *See* Ex. A-1, Figs. 1-6.

42.    The Accused Instrumentalities infringe claim 8 of the '033 Patent.  They include circuitry configured for receiving a request for data related to preparing written directions associated with an order for traversing the one or more locations (*i.e.*, it can receive a request for directions to multiple locations in a specific order). *See* Ex. A-1, Figs. 1-5.

43.     The Accused Instrumentalities infringe claim 9 of the '033 Patent.  They include circuitry configured for receiving a request for a route associated with an order for traversing the one or more locations (*i.e.*, it can receive a request for directions to multiple locations in a specific order). *See* Ex. A-1, Figs. 1-7.

44.     The Accused Instrumentalities infringe claim 10 of the '033 Patent.  They include circuitry configured for receiving a request for at least one of walking directions or driving directions for traversing the one or more locations in accordance with one or more location interaction rules (*i.e.*, it receives a request for driving directions associated with rules such as avoid tolls, speed limits, or avoid major roads). *See* Ex. A-1, Figs. 1-8.

45.     The Accused Instrumentalities infringe claim 11 of the '033 Patent.  They include circuitry configured for receiving a request for driving directions capable of directing traversal of the one or more locations including at least avoiding at least one location because of traffic conditions in accordance with one or more interaction rules related to traffic (*i.e.*, they will route a driver around a traffic delay). *See* Ex. A-1, Figs. 1-9.

46.     The Accused Instrumentalities infringe claim 13 of the '033 Patent.  They include circuitry configured for receiving a request for a map, the map capable of use in illustrating at least one layout of at least one street (*i.e.*, they display maps showing the street layouts as well as a lane guidance display). *See* Ex. A-1, Figs. 1-5 and Fig. 10.

47.     The Accused Instrumentalities infringe claim 14 of the '033 Patent.  They include circuitry configured for determining a status associated with one or more diminished traffic capabilities associated with the at least one of the one or more locations on the map (*e.g.*, they determine traffic conditions which include school zones, construction, and other traffic reducing features). *See* Ex. A-1, Figs.1-5 and Fig. 11.

48.    The Accused Instrumentalities infringe claim 15 of the '033 Patent.  They include circuitry configured for determining a status associated with one or more diminished traffic capabilities at least partially via one or more of a traffic camera, a red-light camera, a networked camera, or a sensor associated with the at least one of the one or more locations on the map (*i.e.*, traffic cameras). *See* Ex. A-1, Figs. 1-5.

49.    The Accused Instrumentalities infringe claim 16 of the '033 Patent.  They include circuitry configured for determining at least one location to avoid due to traffic conditions in association with the one or more traffic-related location interaction rules (*e.g.*, it routes around high traffic areas where the speed of traffic is significantly below the posted speed limit). *See* Ex. A-1, Figs. 1-5 and Fig. 12.

50.    The Accused Instrumentalities infringe claim 17 of the '033 Patent.  They include circuitry configured for generating the signal at least partially based on at least one indication related to the received request for the map, the at least one indication including at least one of shortest distance, least traffic, or fastest route (*i.e.*, the signal indicating the route to be taken is generated based on the drivers preference for either the shortest distance, traffic avoidance, or fastest route). *See* Ex. A-1, Figs.1-5 and Fig. 12.

51.    The Accused Instrumentalities infringe claim 18 of the '033 Patent.  They include circuitry configured for generating a signal related to indicating an order for traversing the one or more locations in association with the route (*i.e.*, it displays a colored line representing the route as well as text and voice route guidance). *See* Ex. A-1, Figs. 1-5 and Fig. 13.

52.    The Accused Instrumentalities infringe claim 19 of the '033 Patent.  They include circuitry configured for generating a signal related to revising the route associated with the one or

more locations (*i.e.*, it notifies the driver when a faster route is detected due to traffic conditions). *See* Ex. A-1, Figs. 1-5 and Fig. 12.

53.     The Accused Instrumentalities infringe claim 20 of the '033 Patent.  They include circuitry configured for generating a signal related to revising the route associated with the one or more locations in real time responsive to the status including at least an indication of a traffic condition verifiable via one or more monitoring devices (*i.e.*, traffic reports for other Garmin devices are used to revise the route in response to changing traffic conditions). *See* Ex. A-1, Figs. 1-5.

54.     The Accused Instrumentalities infringe claim 21 of the '033 Patent.  They include circuitry configured for generating a signal related to providing written directions in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*i.e.*, it generates a signal providing written directions of the route based on traffic conditions). *See* Ex. A-1, Figs. 1-5 and Fig. 12.

55.     The Accused Instrumentalities infringe claim 22 of the '033 Patent. They include circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*e.g.*, it displays a map of the street as well as an image of upcoming turns or lane changes). *See* Ex. A-1, Figs. 1-5 and Fig. 10.

56.     The Accused Instrumentalities infringe claim 24 of the '033 Patent. They include circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on

a real time traffic condition of at least one of the one or more locations on the map (*i.e.*, it generates a map of the street and route with a colored line indicating the route and current traffic conditions). *See* Ex. A-1, Figs. 1-5.

57.    The Accused Instrumentalities infringe claim 25 of the '033 Patent. They include circuitry configured for generating a signal related to indicating on the map a progress indication (*i.e.*, time to destination and distance to destination). *See* Ex. A-1, Figs. 1-5.

58.    The Accused Instrumentalities infringe claim 26 of the '033 Patent. They include circuitry configured for generating a signal related to indicating on the map a distance to a location (*i.e.*, distance to destination). *See* Ex. A-1, Figs. 1-5.

59.    The Accused Instrumentalities infringe claim 27 of the '033 Patent. They include circuitry configured for directing to another portion of the map based on the associated status (*i.e.*, it redirects to another portion of the map depending on the impact of traffic on travel time). *See* Ex. A-1, Figs. 1-5 and Fig. 12.

60.    The Accused Instrumentalities infringe claim 28 of the '033 Patent. They include circuitry configured for generating a signal related to a revised map in real time at least partially based on the associated status, the associated status indicative of a real time traffic condition associated with the at least one of the one or more locations (*i.e.*, it generates a revised map in real time based on the current traffic conditions associated with possible routes to the destination). *See* Ex. A-1, Figs. 1-5 and Fig. 12.

61.    The Accused Instrumentalities infringe claim 29 of the '033 Patent. They include circuitry configured for receiving a request, the circuitry configured for determining a status, and the circuitry configured for generating a signal are effected in a mobile device, the mobile device

including at least one of a GPS, a smartphone, a tablet, or a mobile computing device (*i.e.*, it is a mobile computing device or smartphone). *See* Ex. A-1, Figs. 1-5 and Fig. 14.

62.    Garmin GPS Apps infringe claim 30 of the '033 Patent. They use circuitry configured for receiving a transmission at a server from a smartphone wirelessly transmitting the request to a server at least partially via a cellular network (*i.e.*, requests for traffic information and map updates are sent via a smartphone operating the Garmin App via a cellular network and received by the Garmin servers). *See* Ex. A-1, Figs. 1-5 and Fig. 15.

63.    The Accused Instrumentalities infringe claim 32 of the '033 Patent. They include circuitry configured for generating a signal related to indicating at least one route at least partially based on at least one indication of a direction that a device associated with the received request is at least one of heading or facing (*i.e.*, it generates a signal indicating the route based on the direction of travel, including recalculating the route if the device changes its direction of travel). *See* Ex. A-1, Figs. 1-5 and Fig. 16.

64.    As a result of Defendant's infringement of the '033 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

65.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '033 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,734,073

66.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '073 Patent, shown in Exhibit B-1.

67.    Upon information and belief, Defendant has been and is now infringing claims 1, 5, 9, 10, 11, 12, 21, and 22 of the '073 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  software, *i.e.*, the Garmin GPS Apps, covered by one or more claims of the '073 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '073 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '073 Patent pursuant to 35 U.S.C. § 271(a).

68.    The Garmin GPS Apps infringe claim 1 of the '073 Patent. They perform a method for a display device to receive a mapped visual path, the method comprising: transmitting a request for the mapped visual path, the request including at least two input path parameters associated with the mapped visual image path (*i.e.*, a request for directions, the request including the start location and destination and a route preference); the transmitting including: transmitting a location parameter as one of the at least two input path parameters (*i.e.*, a destination or starting location); transmitting a time parameter as one of the at least two input path parameters (*i.e.*, route preference setting such as "fastest route"); and receiving from a processing device the mapped visual image path, wherein the mapped visual path including  at least two images of a predefined area identified by the at least two input path parameters, the mapped visual path being an integration of the at least two images and the at least two input path parameters (*i.e.*, the mapped path includes the google street view images); and displaying the mapped visual path, the mapped visual path including the at least two images after a stitching operation is performed on the at least two images

(*i.e.*, the google street view images are "stitched" together along the mapped path). *See* Ex. B-1, Figs. 1-5.

69.    The Garmin GPS Apps infringe claim 5 of the '073 Patent. They connect to a server operably couplable to a mobile device to wirelessly receive the at least two images (*i.e.*, the smart phone running the Garmin App connects to a server to receive the street view images. *See* Ex. B-1, Figs. 1-6.

70.    The Garmin GPS Apps infringe claim 9 of the '073 Patent. They display the mapped visual path, the mapped visual path including the at least two images after a stitching operation is performed on the at least two images (*i.e.*, the path includes a visual image of at least the starting location and destination). *See* Ex. B-1, Figs. 1-5 and Fig. 7.

71.    The Garmin GPS Apps infringe claim 10 of the '073 Patent. They display the mapped visual path, the mapped visual path being scrollable with respect to the predefined area (*i.e.*, the map is scrollable in the predefined area, *e.g.*, USA or North America). *See* Ex. B-1, Figs. 1-5 and Fig. 8.

72.    The Garmin GPS Apps infringe claim 11 of the '073 Patent. They are a computer program comprising: computer readable media bearing computer executable instructions (*i.e.*, the Garmin GPS App is contained in a computer readable medium on a smart phone) including: at least two instructions for transmitting a request for the mapped visual path, the request including one or more input path parameters associated with the mapped visual path (*i.e.*, a starting location, destination, and route preferences), including: at least two instruction for transmitting a location parameter as one of the at least two input path parameters (*i.e.*, the destination and route preferences); at least two instruction for transmitting a time parameter as one of the at least two input path parameters (*i.e.*, fastest route or shortest route); and at least two instructions for

receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by the at least two input path parameters, the mapped visual path being an integration of the at least two images and the at least two input path parameters (*i.e.*, Garmin's street view contains multiple real world images integrated with the input path parameters), including; at least two instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area (*i.e.*, the map is scrollable and can display a traffic over lay if the traffic feature is enabled). *See* Ex. B-1, Figs. 2, 3, 5, 8 and 9.

73.     The Garmin GPS Apps infringe claim 12 of the '073 Patent. They contain one or more instructions for combining the at least two images through an image stitching operation, (*i.e.*, two or more images are stitched together along the route). *See* Ex. B-1, Figs. 2, 3, 5, 8 and 9.

74.     The Garmin GPS Apps infringe claim 17 of the '073 Patent. They contain at least two instructions for receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by the at least two input path parameters, the mapped visual path being an integration of the at least two images and the at least two input path parameters includes one or more instructions for connecting to a server operably couplable to a mobile device to wirelessly receive the at least two images (*i.e.*, it connects to a Garmin server to download the two street view images). *See* Ex. B-1, Figs. 2, 3, 5, 7, 8 and 9.

75.     The Garmin GPS Apps infringe claim 21 of the '073 Patent. They contain one or more instructions for displaying the mapped visual path, the mapped visual path including the at least two images after a stitching operation is performed on the at least two images, *i.e.*, it stitches the two street view images together. *See* Ex. B-1, Figs. 2, 3, 5, 7, 8 and 9.

76.     The Garmin GPS Apps infringe claim 22 of the '073 Patent. They contain one or more instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area, *i.e.*, North America. *See* Ex. B-1, Figs. 2, 3, 5, 7, 8 and 9.

77.     As a result of Defendant's infringement of the '073 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

78.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '073 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,768,610

79.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '610 Patent, shown in Exhibit C-1.

80.     Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 6 and 7 of the '610 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices, the Accused Instrumentalities, covered by one or more claims of the '610 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '610 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '610 Patent pursuant to 35 U.S.C. § 271(a).

81.    The Accused Instrumentalities infringe claim 1 of the '610 Patent. They include computer system comprising: a processor; a memory coupled to the processor; a receiver coupled to the processor (*i.e.,*, a GPS receiver); and a map display module coupled to the receiver and the memory, the map display module including a data store configurable to hold data related to one or more interaction rules associated with one or more locations in a predefined area and one or more identifiers (*i.e.*, type of road such as toll or freeway, speed limit on the road, current flow of traffic in comparison to the posted speed limit); and a status module configurable to determine a status associated with at least one of the one or more locations on the map, the status being a function of one or more location interaction rules associated with the at least one of the locations (*i.e.*, it determines traffic conditions based on the flow of traffic and the posted speed limit). *See* Ex. C-1, Figs. 1-3.

82.    The Accused Instrumentalities infringe claim 2 of the '610 Patent.  They meet the limitations of claim 1, and furthermore, wherein the status module is configurable to match an identifier associated with a received request for a map with a data store entry in the data store, the data store entry providing the one or more location interaction rules for the at least one of the one or more locations on the map, (*i.e.*, it determines a route to a specific location by using a combination of traffic information and speed limit data associated with the requested location and the route to the location stored in device data). *See* Ex. C-1, Figs. 1-3.

83.    The Accused Instrumentalities infringe claim 3 of the '610 Patent.  They meet the limitations of claim 1, and furthermore, wherein the status module is configurable to correlate the one or more location interaction rules for the at least one of the locations on the map with data received by one or more monitoring devices associated with the at least one of the one or more

locations on the map (*i.e.*, traffic monitoring from other Garmin devices and other sources is used to determine traffic conditions). *See* Ex. C-1, Figs. 1-3.

84.     The Accused Instrumentalities infringe claim 6 of the '610 Patent.  They meet the limitations of claim 1, and furthermore, wherein the map display module includes logic for generating a signal related to highlighting the at least one location on the map, the highlighting indicative of one or more locations the user is to next visit on the map (*i.e.*, the route to be traveled is highlighted). *See* Ex. C-1, Figs. 1-3.

85.     The Garmin GPS Apps infringe claim 7 of the '610 Patent.  They are a system for receiving a map through a predefined area at a display device, the system comprising: circuitry for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*i.e.*, a user's icloud or google play account); circuitry for receiving the map including one or more locations (*i.e.*, a WiFi or cellular receiver), at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*i.e.*, traffic speed limits and current traffic conditions.); and circuitry for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*i.e.*, as traffic conditions change the device updates the displayed map to include the current traffic conditions in relation to the speed limit associated with the map location). *See* Ex. C-1, Figs. 1-4.

86.     As a result of Defendant's infringement of the '610 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will

continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

87.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '610 Patent, Plaintiff will be greatly and irreparably harmed.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 7,860,648**

88.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '648 Patent, shown in Exhibit D-1.

89.     Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 6, 7, 9, 10, 13, and 14 of the '648 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  software, *i.e.*, Garmin GPS Apps, covered by one or more claims of the '648 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '648 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '648 Patent pursuant to 35 U.S.C. § 271(a).

90.     The Garmin GPS Apps infringe claim 1 of the '648 Patent. They perform a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*i.e.*, the devices transmits a request for updated or new map data, the request including the user's iCloud or google play account); receiving the map at the display device, the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*i.e.*, the map includes rules related to the maximum

and average speed of traffic, verifiable from other Garmin devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*i.e.*, the display is altered to show colored lines of varying colors to indicate traffic conditions). *See* Ex. D-1, Figs. 1-6.

91.    The Garmin GPS Apps infringes claim 2 of the '648 Patent.  They receive a status associated with the at least one of the one or more locations on the map (*i.e.*, it receives information regarding the traffic status). *See* Ex. D-1, Figs. 1-6.

92.    The Garmin GPS Apps infringe claim 3 of the '648 Patent.  They receive data related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*i.e.*, the traffic data is used to illustrate details regarding the speed of traffic along the route). *See* Ex. D-1, Figs. 1-6.

93.    The Garmin GPS Apps infringe claim 4 of the '648 Patent.  They periodically update the status in accordance with the location interaction rule associated with the at least one of the one or more locations (*i.e.*, traffic information is periodically updated). *See* Ex. D-1, Figs. 1-6.

94.    The Garmin GPS Apps infringe claim 6 of the '648 Patent.  They wirelessly transmit the request to a server over a wireless network (*i.e.,* the request for the map data transmits over a cellular or wi-fi network). *See* Ex. D-1, Figs. 1-6.

95.    The Garmin GPS Apps infringe claim 7 of the '648 Patent.  They transmit via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, and/or a satellite network (*i.e.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. D-1, Figs. 1-6.

96.     The Garmin GPS Apps infringe claim 9 of the '648 Patent.  They are a computer program product comprising: a computer-readable medium (*i.e.*, the Garmin app is contained in a computer readable file) bearing one or more instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*i.e.*, the request for to download the applicable map is associated with the user's iCloud or google play account); one or more instructions for receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*i.e.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other Garmin devices); and one or more instructions for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*i.e.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other garmin devices). *See* Ex. D-1, Figs. 2, 3, 4, and 7.

97.     The Garmin GPS Apps infringe claim 10 of the '648 Patent.  They contain a recordable medium in the form of device memory. *See* Ex. D-1, Figs. 2, 3, 4, and 7.

98.     The Garmin GPS Apps infringe claim 13 of the '648 Patent.  They contain a instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device includes one or more instructions for wirelessly transmitting the request to a server over a wireless network (*i.e.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. D-1, Figs. 2, 3, 4, and 7.

99.     The Garmin GPS Apps infringe claim 14 of the '648 Patent.  They contain instructions for wirelessly transmitting the request to a server over a wireless network includes one or more instructions for transmitting via at least one of a wireless LAN (WLAN), an IEEE 802

type wireless network, a Bluetooth type wireless network, and/or a satellite network (*i.e.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. D-1, Figs. 2, 3, 4, and 7.

100.    As a result of Defendant's infringement of the '648 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

101.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '648 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,522,996

102.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '996 Patent, shown in Exhibit E-1.

103.    Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 12, 15, 16, and 17 of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  devices and software, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '996 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '996 Patent pursuant to 35 U.S.C. § 271(a).

104.    The Accused Instrumentalities infringe claim 1 of the '996 Patent. They perform a method for providing map-related data, the method comprising: receiving a request for a map display illustrating information relative to one or more locations in a predetermined area; determining a status associated with at least one of the locations on the map display (*i.e.*, traffic status is determined using the speed limit associated with the location, the status of the road including accidents and whether or not the road is open or closed, and the type of road such as toll or free), the status being a function of one or more location interaction rules associated with at least one of the locations on the map display (*i.e.*, whether the road is closed or open, whether the road is a toll road and whether the user has disallowed toll roads, whether the speed of traffic is greatly slowed or stopped in comparison to the maximum speed associated with the location); and generating a signal to indicating on the map display the status regarding a permitted traverse or visit that is allowed under an applicable location interaction rule associated with the at least one of the locations on the map display (*i.e.*, an icon showing traffic conditions, road closures, or disallowing traversal on the road based on the user settings such as avoid tolls or traffic). *See* Ex. E-1, Figs. 1-6.

105.    The Accused Instrumentalities infringe claim 2 of the '996 Patent.    They periodically update the status associated with the at least one of the locations (*i.e.*, road closures and traffic conditions) and generate a signal related to indicating on the map display an updated status associated with the at least one of the locations (*i.e.*, road closures and traffic conditions are indicated on the displayed map). *See* Ex. E-1, Figs. 1-8.

106.    The Accused Instrumentalities infringe claim 3 of the '996 Patent.    They receive data from one or more monitoring devices capable of determining a user interaction with the at least one of the locations on the map display (*i.e.*, traffic data is collected from other Garmin

devices and are used to determine the traffic conditions at the map locations). *See* Ex. E-1, Figs. 1-8.

107.    The Garmin GPS Apps infringe claim 12 of the '996 Patent.  They receive the request via one or more of a wireless connection and/or a wired connection, the wireless connection including one or more of a wireless LAN (WLAN), an IEEE 802.11, a Bluetooth, and/or a satellite connection (*i.e.*, the request takes place over an 802.11 wi-fi connection). *See* Ex. E-1, Figs. 1-6 and Fig. 9.

108.    The Accused Instrumentalities infringe claim 15 of the '996 Patent.  They generate the signal related to indicating on the map display a progress indication relating to a motivator for a user of the map display (*i.e.*, as the user travels the route, the map advances and colors the route to be travelled). *See* Ex. E-1, Figs. 1-6.

109.    The Accused Instrumentalities infringe claim 16 of the '996 Patent.  They generate the signal related to highlighting the at least one of the locations on the map display, the highlighting indicative of one or more locations the user is to next visit on the map display (*i.e.*, as the user travels the route to be taken next is highlighted). *See* Ex. E-1, Figs. 1-6.

110.    The Accused Instrumentalities infringe claim 17 of the '996 Patent.  They generate the signal related to displaying one or more overlays on the map display to represent a traffic condition for one or more locations in the predetermined area (*i.e.*, a colored overlay is generated which indicates the traffic conditions of the locations). *See* Ex. E-1, Figs. 1-6.

111.    As a result of Defendant's infringement of the '996 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will

continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

112.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '996 Patent, Plaintiff will be greatly and irreparably harmed.

### COUNT VI
### INFRINGEMENT OF U.S. PATENT NO. 8,805,027

113.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '027 Patent, shown in Exhibit F-1.

114.    Upon information and belief, Defendant has been and is now infringing claims 1, 2, and 7 of the '027 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  software, *i.e.*, Garmin GPS Apps, covered by one or more claims of the '027 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '027 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '027 Patent pursuant to 35 U.S.C. § 271(a).

115.    The Accused Instrumentalities infringe claim 1 of the '027 Patent. They perform a method comprising: transmitting a request for a mapped visual path, the request including at least two input path parameters associated with the mapped visual path (*i.e.*, it includes a starting location and destination along with route restrictions and a time parameter such as fastest or shortest route), including at least: transmitting a location parameter as one of the at least two input path parameters (*i.e.*, the current location and the destination location); and transmitting a time parameter as one of the at least two input path parameters (*i.e.*, fastest or shortest routes); receiving a mapped visual path, the mapped visual path including at least two images of a predefined area

identified by the at least two input path parameters, the mapped visual path being an integration of the at least two images and the at least two input path parameters, including at least one image associated with at least one of a location or time, the at least one of a location or time associated with the request for a mapped visual path (*i.e.*, the received mapped path includes at least two streetview images including the starting location and destination location); and displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area (*e.g.*, the map is scrollable within the USA or North America). *See* Ex. F-1, Figs. 1-8.

116.    The Accused Instrumentality infringes claim 2 of the '027 Patent.  They displays the mapped visual path including at least displaying at least one image correlated with at least one of a location or time associated with the request for a path, *i.e.*, the time to destination as well an image of the destination. *See* Ex. F-1, Figs. 1-8.

117.    The Accused Instrumentality infringes claim 7 of the '027 Patent.  They are computer programs comprising: at least one non-transitory computer readable medium (*i.e.*, it is stored on a smart phone including non-transitory computer readable memory) including at least: one or more instructions for transmitting a request for a mapped visual path, the request including at least two input path parameters associated with the mapped visual path (*i.e.*, it includes a starting location and destination along with route restrictions and a time parameter such as fastest or shortest route), including at least: one or more instructions for transmitting a location parameter as one of the at least two input path parameters (*i.e.*, the current location and the destination location); and one or more instructions for transmitting a time parameter as one of the at least two input path parameters (*i.e.*, fastest or shortest routes); one or more instructions for receiving a mapped visual path, the mapped visual path including at least two images of a predefined area identified by the at least two input path parameters, the mapped visual path being an integration of the at least two

images and the at least two input path parameters, including at least one image associated with at least one of a location or time, the at least one of a location or time associated with the request for a mapped visual path (*i.e.*, the received mapped path includes at least two streetview images); and one or more instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area (*i.e.*, the map is scrollable within the *e.g.*, USA or North America). *See* Ex. F-1, Figs. 1-9.

118.    As a result of Defendant's infringement of the '027 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

119.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '027 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 8,392,114

120.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '114 Patent, shown in Exhibit G-1.

121.    Upon information and belief, Defendant has been and is now infringing claims 1, 4, 6, and 7 of the '114 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  software, *i.e.*, Garmin GPS Apps, covered by one or more claims of the '114 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally

infringing, and/or infringing the '114 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '114 Patent pursuant to 35 U.S.C. § 271(a).

122.    The Garmin GPS Apps infringe claim 1 of the '114 Patent. They perform a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*i.e.*, the request to download a map is associated with the user's iCloud or Google Play account); receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*i.e.*, the locations on the map are associated with interaction rules such as speed limits, road types, travel allowed, and current traffic conditions, which is verifiable via other Garmin devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*i.e.*, it takes traffic information from other Garmin devices and uses this information to modify the displayed map to reflect the traffic speed in comparison to the maximum speed associated with the location). *See* Ex. G-1, Figs. 1-4.

123.    The Garmin GPS Apps infringe claim 4 of the '114 Patent. They wirelessly transmit the request to a server over a wireless network (*i.e.*, the request to download the map takes place over cellular or Wi-Fi network). *See* Ex. G-1, Figs. 1-5.

124.    The Garmin GPS Apps infringe claim 6 of the '114 Patent. They transmit via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, or a satellite network (*i.e.,* a wireless LAN or 802.11 Wi-Fi network). *See* Ex. G-1, Figs. 1-6.

125.    The Garmin GPS Apps infringe claim 7 of the '114 Patent.  They receive an indication shown on the map related to whether one or more user interaction rules associated with the identifier affect the map (*i.e.*, traffic information is received which relates to whether the maximum speed associated with the location is affected by the traffic conditions associated with that location). *See* Ex. G-1, Figs. 1-5.

126.    As a result of Defendant's infringement of the '114 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

127.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '114 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit;

2.    a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3.      a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.      any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED February 16, 2017.                    Respectfully submitted,

                                            By: */s/ Hao Ni*
                                            Hao Ni
                                            Texas Bar No. 24047205
                                            hni@nilawfirm.com
                                            Timothy T. Wang
                                            Texas Bar No. 24067927
                                            twang@nilawfirm.com
                                            Neal G. Massand
                                            Texas Bar No. 24039038
                                            nmassand@nilawfirm.com
                                            Stevenson Moore V
                                            Texas Bar No. 24076573
                                            smoore@nilawfirm.com
                                            Krystal L. McCool
                                            Texas Bar No. 24082185
                                            kmccool@nilawfirm.com

                                            **Ni, Wang & Massand, PLLC**
                                            8140 Walnut Hill Ln., Ste. 500
                                            Dallas, TX 75231
                                            Tel: (972) 331-4600
                                            Fax: (972) 314-0900

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **LOCATION BASED SERVICES, LLC**